IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                           No. CV 10-931 RB/LFG
                                                                      CR 04-2502 RB

JOSE ANTONIO PRADO-DIAZ,

    Defendant-Movant.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

THIS MATTER is before the Court on Defendant-Movant's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1]. For the reasons given below, the Court recommends that the Motion to Vacate be denied as untimely and that the case be dismissed with prejudice.

### Procedural Background

On October 26, 2010, the Court ordered Defendant-Movant Jose Antonio Prado-Diaz ("Prado-Diaz") to show cause why his Motion to Vacate should not be dismissed as untimely. [Doc. 3]. In response to the order, Prado-Diaz filed a document titled "Petitioner's Jurisdictional Memorandum" [Doc. 4], stating that his Motion to Vacate was timely because he filed it within one year of the time he received notice that an amendment was made to the Judgment.

Judgment in the criminal proceeding against Prado-Diaz was initially entered on January 19,

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the 14-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

2006 [Doc. 57 in CR 04-2502 RB]. Prado-Diaz did not file an appeal of the judgment prior to expiration of the deadline for doing so. Two years later, on February 5, 2008, the Court entered an Amended Judgment [Doc. 58 in CR 04-2502 RB], to correct a minor clerical error. The Amended Judgment made no substantive changes to his sentence nor to any other aspect of the case.

Prado-Diaz was not represented by counsel at the time the Amended Judgment was filed. He states that he never received a copy of the Amended Judgment and points out that the Notice of Electronic Filing indicates that no copy was sent to him. He states further that he did not receive notice of entry of the Amended Judgment until well over two years later, on July 21, 2010, when he requested a copy of the docket sheet. He argues that he should therefore have until July 21, 2011 to file his Motion to Vacate, given the one-year deadline of 28 U.S.C. § 2255(f).

Pursuant to Rules Governing Section 2255 Proceedings, Rule 4(b), the Court ordered the United States to file a response to Prado-Diaz's "Jurisdictional Memorandum," setting forth the government's position with respect to the statue of limitations issue. The Court further ordered that the United States need not file a full Answer to the Motion to Vacate until such time as the limitations issue is resolved.

The United States filed its Response [Doc. 7] on December 8, 2010, arguing that Prado-Diaz's Motion to Vacate should be dismissed with prejudice as untimely. Prado-Diaz was given until December 29, 2010 to file a Reply. He did not do so, and the time has expired.

**Discussion**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides for a one-year statute of limitations on Motions to Vacate brought under Section 2255. 28 U.S.C. § 2255(f). The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;

2

>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

There is no allegation in this case that the goverment impeded or prevented Prado-Diaz from filing a timely Motion under § 2255, and there is no assertion that he claims a newly-recognized right made retroactively applicable. Therefore, if he is to avoid the limitations bar Prado-Diaz must show that he filed his Motion to Vacate within one year of the date on which the judgment of conviction became final, or else one year from the date on which the facts supporting his Motion could have been discovered through the exercise of due diligence.

The original Judgment in Prado-Diaz's case was entered on January 19, 2006. [Doc. 57 in Cr. 04-2502 RB]. If no appeal is filed, a judgment of conviction becomes final when the time to appeal expires. In Prado-Diaz's case, this occurred on February 2, 2006. FED. R. APP. P. 4(b)(1)(A) (2006).[2] Prado-Diaz did not file an appeal of his conviction until August 30, 2010; the Court of Appeals noted that the appeal was "filed inordinately late" and dismissed the appeal for lack of jurisdiction. [Doc. 61 in Cr. 04-2502, at 3]. This Court thus proceeds on the basis that no appeal was filed and finds that the Judgment became final on February 2, 2006. The limitations period for filing

---

[2] Prior to 2009 amendments to the Rules of Appellate Procedure, the time period for appeal of a criminal judgment was ten days, and intervening weekends and holidays were not counted. Rule 4(b)(1)(A) now provides for a 14-day period. At the time Prado-Diaz's Judgment was entered, the former Rule was in effect.

a Motion to Vacate under § 2255 expired on February 2, 2007, approximately two and half years before Prado-Diaz filed his § 2255 Motion.

Prado-Diaz argues, however, that his Motion to Vacate should nevertheless be considered by this Court because he did not receive a copy of the Amended Judgment at the time the amendment was made, in February 2008. He says he was not aware of the amendment until well over two years later, on July 21, 2010, when he requested a copy of the docket sheet. Thus, he contends, his Motion was timely since the one-year period will not expire until July 21, 2011, one year from the date he became aware of the fact that the Judgment had been amended.

The Amended Judgment includes notice that the amendment is made under FED. R. CRIM. P. 36, to correct a clerical mistake. The clerical mistake in the original Judgment was the date of the judge's signature; it incorrectly reads January 19, 2005 when the year should have be given as 2006. It is abundantly clear that this was a mere clerical or typographical error, as Prado-Diaz did not even sign the Plea Agreement until June 10, 2005 [Doc. 48 in Cr. 04-2502], and the sentencing hearing was not held until January 12, 2006 [Doc 56 in Cr. 04-2502].

Prado-Diaz contends that this clerical amendment, made on February 5, 2008, somehow had the effect of vacating the original Judgment and starting the clock running anew on his time to appeal, and thus on his time to file a Motion to Vacate. Indeed, he extends that argument to contend that the clock did not start running anew until he had actual notice that the Judgment was amended. The Court rejects this argument.

FED. R. CRIM. P. 36 provides: "After giving any notice it considers appropriate," the court may at any time correct a clerical error in a judgment, order, or other part of the record. As the government points out, the clear import of this language is that there is no requirement that the court notify the defendant when it makes a clerical correction; rather, notice need not be given at all if the

court does not consider it appropriate or necessary.

This is in keeping with the principle that a court may use Rule 36, with its discretionary notice requirements, to correct "clerical-type" errors, but that any substantive changes to the sentence must be done pursuant to other provisions of the Rules and statutes governing criminal proceedings. United States v. Blackwell, 81 F.3d 945, 948-49 (10th Cir. 1996). If the Rules contemplate that notice to a defendant is not necessary when minor corrections are made to a judgment, then such corrections cannot serve as a basis for appeal nor affect the finality of the original judgment.

The government cites Burrell v. United States, 467 F.3d 160 (2d Cir. 2006) (Sotormayor, J.) for the proposition that correctional of a clerical error is in the nature of a ministerial act, that is, a "routine, nondiscretionary act by the district court that could not have been appealed on any valid ground." Id., at 161. Burrell held that the judgment in that case was final well before the district court performed the ministerial act required on remand.

The situation is essentially the same in this case; the judgment of conviction became final on February 2, 2006, and the later clerical correction did not change the date of finality. In addition, Prado-Diaz has not demonstrated the applicability of any other exceptions to the one-year rule of 28 U.S.C. § 2255(f).

To the extent Prado-Diaz contends that the limitations period on his Motion to Vacate is subject to equitable tolling, the Court rejects that assertion. Equitable tolling may be appropriate in actions brought under § 2255, United States v. Gabaldon, 522 F.3d 1121 (10th Cir. 2008), but only on a showing of actual innocence, conduct by an adversary or other circumstances outside petitioner's control which prevented his timely filing, a defective pleading filed during the statutory period, or diligent pursuit of petitioner's habeas claims. Id., at 1124. Prado-Diaz has not made such

a showing in this case.

The Court finds that Prado-Diaz's Motion to Vacate was filed well after the statute of limitations expired, by the clear terms of the statute. In addition, this is not an appropriate case for equitable tolling. The Motion should therefore be denied and the action dismissed.

### **Recommended Disposition**

That Defendant-Movant's Motion to Vacate, Set Aside or Correct Sentence [Doc. 1] be denied as untimely and that this action be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge