IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                            No. CIV 10-931 RB/LFG
                                                              No. CR   04-2502 RB

JOSE ANTONIO PRADO-DIAZ,

    Defendant-Movant.

**ORDER ADOPTING MAGISTRATE JUDGE'S ANALYSIS
AND RECOMMENDED DISPOSITION
AND DISMISSING ACTION WITH PREJUDICE**

THIS MATTER is before the Court on the Magistrate Judge's Analysis and Recommended Disposition [Doc. 8], filed January 3, 2011, recommending denial of Jose Antonio Prado-Diaz's ("Prado-Diaz") § 2255 petition on grounds of untimeliness and dismissal of the case with prejudice. On January 14, 2011, Prado-Diaz filed objections to the analysis and recommended disposition. [Doc. 9.] The Court conducted a *de novo* review of those portions of the Magistrate Judge's analysis and recommended disposition to which Prado-Diaz objects.

Prado-Diaz's objections either re-argue the same positions he asserted in an earlier pleading [Doc. 4], all of which the Magistrate Judge carefully considered and rejected in his recommended disposition, or he improperly argues the merits of his petition. On November 16, 2010, the Court directed the United States to file a response to Prado-Diaz's "Jurisdictional Memorandum," setting forth the government's position with respect to the sole issue of timeliness. [Doc. 5.] On December 8, 2010, the United States filed its response, arguing that Prado-Diaz's petition was filed well

outside the one-year statute of limitations. [Doc. 7.]

The Magistrate Judge's Analysis and Recommended Disposition explained that the District Court's initial Judgment in the underlying criminal proceeding contained a typographical error, *i.e.,* the Judgment entered on January 19, 2006, mistakenly had a signature date of January 19, 2005. [CR Doc. 57.] On February 5, 2008, the district court amended its earlier Judgment, in accordance with Rule 36 of the Federal Rules of Criminal Procedure, to correct the mistaken date. As observed by the Magistrate Judge: "It is abundantly clear that this was a mere clerical or typographical error, as Prado-Diaz did not even sign the Plea Agreement until June 10, 2005 [CR Doc. 48], and the sentencing hearing was not held until January 12, 2006 [CR Doc. 56]. [Doc. 8, p. 4.] Undoubtably, the Judgment could not have been entered January 19, 2005, when neither the plea had been entered nor the sentencing hearing had been held.

Notwithstanding the clerical nature of the mistake, Prado-Diaz's objections continue to argue that the incorrect date on the earlier Judgment was not a ministerial mistake and that he has "not been offered evidence of such a mistake." [Doc. 9, p. 2.] Prado-Diaz overlooks or misunderstands clear evidence to the contrary. There is no question under the chronology of the criminal proceeding that the original Judgment contained a typographical or clerical error. Prado-Diaz's objections are overruled.

Prado-Diaz also asserts equitable grounds should excuse the untimeliness of his § 2255 petition based on his assertion of actual innocence. [Doc. 9, p. 4.] Prado-Diaz did not and cannot make any showing of actual innocence. Further, he did not demonstrate that his guilty plea was involuntary or coerced. Prado-Diaz's objections as to equitable tolling are overruled. In addition, all contentions as to the merits of his petition have no bearing on the question of timeliness and are overruled.

The Court agrees with the Magistrate Judge's Analysis and Recommended Disposition that Prado-Diaz's § 2255 petition be denied on grounds of untimeliness, and that this case be dismissed with prejudice.

IT IS HEREBY ORDERED that the Analysis and Recommended Disposition of the United States Magistrate Judge are adopted by the Court.

IT IS FURTHER ORDERED that Petitioner Jose Antonio Prado-Diaz's § 2255 petition is denied and that the action be, and hereby is, dismissed with prejudice.

_____
UNITED STATES DISTRICT COURT